UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERMEL LARRY BRAY,<br><br>  Petitioner,<br><br>  v.<br><br>THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>  Respondent. | No. 2:16-cv-0802 CKD P<br><br>ORDER |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of mandate "vacating the state courts' previous orders" and further enjoining the state courts. (ECF No. 1.) In its April 27, 2016 screening order, the court treated this as a petition for writ of habeas corpus and directed petitioner to either pay the filing fee or apply for in forma pauperis status. (ECF No. 2.) Instead, petitioner has filed a "motion for correction" stating that he does not seek habeas relief but an extraordinary writ. (ECF No. 3.)

Although petitioner seeks a writ of mandate, for screening purposes the court typically treats such petitions as arising under 28 U.S.C. § 2254. The All Writs Act, 28 U.S.C. § 1651 provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a); see also Fed. R. App. Proc. 21, Advisory Committee

Notes ("The authority of courts of appeals to issue extraordinary writs is derived from 28 U.S.C. § 1651."). The All Writs Act does not confer original jurisdiction on federal courts, but may be invoked only to aid already existing jurisdiction. 28 U.S.C. § 1651(a). In the event that jurisdiction is properly pled, "injunctive relief under the All Writs Act is to be used sparingly and only in the most critical and exigent circumstances." Brown v. Gilmore, 533 U.S. 1301 (2001) (internal quotations and citations omitted). "Such an injunction is appropriate only if the legal rights at issue are indisputably clear." Id. (internal quotations and citations omitted). Here, petitioner's allegations do not qualify for writ relief.

Petitioner's motion for correction will be denied and he will be granted another thirty days to either pay the filing fee or submit an in forma pauperis application.

IT IS HEREBY ORDERED that:

1. Petitioner's motion for correction (ECF No. 3) is denied; and

2. Petitioner shall submit, within thirty days from the date of this order, an affidavit in support of his request to proceed in forma pauperis or the appropriate filing fee; petitioner's failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: June 7, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/ bray0802.101a(2)